UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22142-CIV-RNS

YHON ANDERSON ARIAS CONTRERAS )
and all others similarly situated under 29 )
U.S.C. 216(b), )
 )
        Plaintiff, )
vs. )
 )
CAMEL CARPENTRY INC, )
STEFANIE SUAREZ, )
ELIZABETH I NEGRETE, )
 )
        Defendant. )
_____ )

**<u>PLAINTIFF'S NOTICE TO COURT REGARDING PLAINTIFF'S PENDING MOTION TO ENFORCE JUDGMENT AND SETTLEMENT AGREEMENT [DE38][1]</u>**

COMES NOW the Plaintiff, by and through the undersigned, and hereby Notices the Court as follows:

1. On April 9, 2018, Defendants tendered payment in two separate checks in the amount of $4,632.00 and $4,625.00 respectively.

2. Pursuant to the terms of the Settlement Agreement, Defendants were required to make four equal installments of $4,625.00 each, the first of which to be delivered by 4:00 p.m. on January 22, 2018, and the remaining three installment payments be sent by 4:00 p.m. on the twenty-second, or twenty-third if twenty-second day falls on a weekend or holiday, day

---

[1] This Notice is in no way intended and/or should be interpreted as Plaintiff withdrawing his pending Motion to Enforce Settlement Agreement, for Entry of Default Judgment and for Attorneys' Fees, Including Future Fees Regarding Collection of Default. [DE38]. *See also, Dionne v. Floormasters Enters.*, 667 F.3d 1199 (11th Cir. Fla. January 13, 2012), ("*Dionne II*"), which withdrew and vacated *Dionne v. Floormasters Enters.*, 2011 U.S. App. LEXIS 15560 (11th Cir. Fla. July 28, 2011) ("*Dionne I*"); *See also, DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009).

of the month, for the following three months (February 22, 2018, March 22, 2018 and April 23, 2018). *See,* Settlement Agreement [DE 36 – 1 through 6], Page 2.

   i. The first installment payment was made on or about February 5, 2018.
   ii. The second installment payment was due February 22, 2018.
   iii. The third installment payment was due March 22, 2018.
   iv. The fourth installment payment is due on April 23, 2018

3. Pursuant to the Agreement, "In the event that Defendants fail to cure said breach within five (5) business days of receiving the written notification via e-mail, then a final default judgment shall be entered against Defendants, jointly and severally, for the Settlement Funds ($18,500.00) **plus the liquidated sum of ten thousand Dollars and 00/100 Cents ($10,000.00)** (totaling the amount of twenty-eight thousand five hundred Dollars and 00/100 Cents ($28,500.00). *See,* Settlement Agreement [DE 36 – 1 through 6], Page 3.

4. Defendants tendering payment in an attempt to cure the breach, which was made on April 9, 2018, was untimely. Therefore, final default judgment for the Settlement Funds ($18,500.00) plus the liquidated sum of ten thousand Dollars and 00/100 Cents ($10,000.00), less payments made, is justified. Plaintiffs, therefore, respectfully requests the Court enter an Order enforcing the Parties' settlement agreement, entering a Final Default Judgment against Defendants, jointly and severally, for the amount of fourteen thousand six hundred eighteen dollars and No Cents ($14,618.00).[2] Additionally, Plaintiffs

---

[2] The Default Provision entitles Plaintiffs to a default judgment of $28,500.00 less payments made and fees and costs to pursue same. Defendants have made 3 installments payment thus far. Therefore, the entry of the final default should be for the amount of $14,618.00 which is the default judgment amount minus the amount paid thus far under the Agreement.

further requests that upon collection of the judgment, Plaintiffs' counsel be entitled to additional fees and costs against Defendants, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction to determine Plaintiffs' request for attorneys' fees and costs upon collection of the judgment and that this judgment shall bear interest in accordance with 29 U.S.C. § 1961

WHEREFORE PLAINTIFF NOTICES THE COURT OF THE TENDERED PAYMENT, WHICH HAS NOT YET DEPOSITED AND/OR CASHED, AND RESPECTFULLY REQUESTS THE COURT TO NOT INTERPRET THE INSTANT FILING IN ANY WAY AS PLAINTIFF WITHDRAWING HIS MOTION [DE38] AND THE RELIEF THEREIN SOUGHT.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
    Neil Tobak, Esquire
    Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 4/9/18 TO:**

**Adi Amit
Lubell & Rosen, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
Email: adi@lubellrosen.com**

**BY:_____/s/ Neil Tobak_____**

**NEIL TOBAK, ESQ.**