UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22142-CV-TORRES

YHON ANDERSON ARIAS CONTRERAS,

    Plaintiff,

v.

CAMEL CARPENTRY, INC., STEFANIE
SUAREZ, and ELIZABETH NEGRETE,

    Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION TO
ENFORCE JUDGMENT AND SETTLEMENT AGREEMENT**

This matter is before the Court on a Motion to Enforce the Parties' Settlement Agreement and for Judgment in the Amount of $10,000.00, filed by Plaintiff YHON ANDERSON ARIAS CONTRERAS ("Plaintiff") on April 5, 2018. [D.E. 38]. The basis for Plaintiff's Motion arises from an agreement signed by the parties on January 20, 2018, whereby Defendants agreed to settle the matter and make four separate payments of $4,625.00 to Plaintiff on the following dates: February 5, February 22, March 22 and April 23, 2018. *Id*. Defendant concedes that the payments were untimely, however, and that such amounts were not tendered until February 22, April 9,[1] and April 26, 2018. [D.E. 41, 44]. Plaintiff now asks for an additional award of $10,000.00 as a result of Defendants' untimely payments, relying on the following paragraph from the settlement agreement to recover such a sum:

---

[1]    Defendant made two payments on this date.

> Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel should give written notice via e-mail to Defense Counsel […]
>
> In the event that Defendants fail to cure said breach within five (5) business days of receiving the written notification via e-mail, then a final default judgment shall be entered against Defendants, jointly and severally, for the Settlement Funds ($18,500.00) **plus** the liquidated sum of ten thousand Dollars and 00/100 Cents ($10,000.00) […]

[D.E. 36-1, p. 3]. Plaintiff now asks us to find that (1) Defendants violated the terms of the agreement by failing to make settlement payments in a timely manner, and (2) that, as a result of these late payments, Plaintiff should be able to recover the additional $10,000.00 as called for in the agreement.

We will **DENY as moot** the Motion to Enforce the Settlement Agreement. We do so now because it is now clear that Defendants have paid in full the amount called for in the settlement agreement, and that Plaintiff's currently possess $18,500.00 as full and final settlement of the claims asserted against Defendants in this action.

We will also **GRANT in part** the request to enforce judgment pursuant to the terms of the settlement agreement, but not for the requested amount of $10,000.00. We do so because – despite the limiting language included in the agreement – it appears that the clause is nothing more than a penalty provision disguised as a liquidated damages clause, which is invalid as a matter of law. *See Hyman v. Cohen*, 73 So. 2d 393 (Fla. 1954); *Mineo v. Lakeside Village of Davie, LLC*, 983 So. 2d 20, 21-22 (Fla. 4th DCA 2008) (liquidated damages clause will be stricken as penalty clause if amount to be forfeited is grossly disproportionate to any damages that might reasonably be expected to follow from breach). Here, the liquidated damages figure

called for in the contract is more than half the amount of the settlement total, and Plaintiff seeks recovery of same despite the fact that the ultimate settlement figure was provided within five (5) days of the date in which the last payment came due. *See Rusniaczek v. Tableau Fine Art Group, Inc.*, 139 So. 3d 355, 358 (Fla. 3d DCA 2014) (liquidated damage provision calling for payment of 50% of minimum sales price recoverable stricken as penalty clause because the sum was "grossly disproportionate to any damages that might reasonably be expected to follow from [the] breach.").

Nevertheless, it cannot be denied that Defendants failed to make timely payments in the schedule outlined in the agreement signed on January 20 of this year. The failure to make the payments as called for in the schedule required Plaintiff to file the Motion at issue and incur additional legal fees, none of which would have been necessary had timely payment occurred. For this reason, we will require Defendant to pay Plaintiff's fees in bringing this Motion, for an amount totaling $1,000.00. We believe this to be a more appropriate figure for Plaintiff to recover in connection with the Motion and the settlement agreement.

Accordingly, the Motion is **GRANTED in part**. Defendants shall jointly and severally pay Plaintiff an additional $1,000.00 for the attorney's fees incurred in the bringing of the Motion, to be paid within thirty (30) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of July, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge